

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMK:NDB
F.# 2015R01124

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 17, 2015

<u>By ECF and Mail</u>

Susan Kellman, Esq.
25 Eighth Avenue
Brooklyn, NY 11217
(718) 287-5453

   Re: United States v. Alex Schreiber
     <u>Criminal Docket No. 15-377 (ENV)</u>

Dear Ms. Kellman:

   Enclosed please find the government's first production of discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure (Bates-numbered SCHREIBER000001-000076). Please note that some of the enclosed materials are being produced under the protection of the Court's September 16, 2015 discovery protective order. Access to those documents must, therefore, be strictly limited as set forth in that order.

   The government also requests reciprocal discovery from the defendant.

I.  <u>The Government's Discovery</u>

  A.  <u>Statements of the Defendant</u>

  Enclosed are:

- An audio recording of statements made voluntarily by the defendant on or about July 7, 2015, Bates-numbered SCHREIBER000001; and

- Redacted excerpts of a report reflecting, in sum and substance, statements voluntarily made by the defendant to law enforcement on or about July 7, 2015, Bates-numbered SCHREIBER000002.

B.    The Defendant's Criminal History

At this time, the government is not aware of any criminal history, youthful offender, or juvenile offender adjudications of the defendant.

C.    Documents and Tangible Objects

Enclosed is a copy of: (i) Time Warner Cable records, Bates-numbered SCHREIBER000003, (ii) the July 6, 2015 search warrant for the defendant's residence and supporting affidavit, Bates-numbered SCHREIBER000004-000038, and (iii) the February 20, 2015 search warrant for computers that access Website A referred to in the Indictment, supporting affidavit and return, Bates-numbered SCHREIBER000039-000076.

The government is in possession of items recovered from the defendant's residence pursuant to a search warrant executed on July 7, 2015, including: (i) one Toshiba laptop computer Serial Number ZE040311C; (ii) one WD external hard drive S/N WXJ1E6452H06; and (iii) one HP external hard drive Serial Number WX21A4032736. You may contact me to arrange a mutually convenient time to examine these items, which contain images of child pornography and are thus subject to the provisions of the Adam Walsh Act, Public Law 109-248.

D.    Reports of Examinations and Tests

The government understands and will comply with its obligations under Fed. R. Crim. P. 16(a)(1)(F) to permit the defendant to inspect and to copy the results or reports of physical or mental examinations and of scientific tests or experiments.

E.    Summary of Expert Testimony

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

F.    Brady and Giglio Material

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G.    Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.     <u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  <u>See</u> Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.    <u>Future Discussions</u>

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Very truly yours,

KELLY T. CURRIE
Acting United States Attorney

By: /s/ Nomi D. Berenson
Nomi D. Berenson
Assistant U.S. Attorney
(718) 254-6308

Enclosure (SCHREIBER000001-000076)

cc: Clerk of the Court (ENV) (by ECF) (without enclosures)